```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


UNITED STATES OF AMERICA       )
                               )
         v.                    )      1:14CR330
                               )
WILLIAM LUTHER,                )
                               )
    Defendant.                 )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant William Luther's ("Defendant") Rule 58(g) appeal from a judgment of conviction entered by United States Magistrate Judge Thomas Rawles Jones, Jr. on September 23, 2014. [Dkt. 1.] For the reasons that follow, the Court will affirm the judgment.

### **I. Background**

On June 10, 2014 following a bench trial before Judge Jones, Defendant was convicted of (1) Reckless Driving, in violation of 36 C.F.R. § 4.2, adopting Va. Code § 46.2-852; (2) Speeding, in violation of 36 C.F.R. § 4.2(c); (3) Unsafe Operation – Failure to Maintain Control, in violation of 36 C.F.R. § 4.22(b)(3); (4) Unsafe Operation, in violation of 36 C.F.R. § 4.22(b)(1); and (5) Fleeing to Elude Police, in violation of 36 C.F.R. § 4.2, adopting Va. Code § 46.2-817. (Gov't's Opp. to Defendant's Notice of Motion to Dismiss [Dkt.

1

10] at 1.) Defendant was sentenced on September 23, 2014. Judge Jones administratively closed the two Unsafe Operation counts. (Judgment [Dkt. 2] at 2.) Defendant was sentenced to twenty-one days imprisonment on the Fleeing to Elude Police Count and one year of supervised probation with special conditions on the Reckless Driving and Speeding counts (to run concurrently). (*Id.*)

On October 1, 2014 Defendant, through counsel, timely filed this notice of appeal. [Dkt. 1.] In that notice, he raised three grounds for the appeal: (1) insufficient evidence to establish identity; (2) error in denying his motion to strike testimony of Sergeant Daniels, one of the arresting officers; and (3) error in denying his motion to dismiss the eluding police charge on grounds it was inadequately pled to state an offense or invoke the Court's jurisdiction. (*Id.*) Judge Jones granted Defendant's motion to stay the sentence of imprisonment pending appeal. [Dkt. 5.]

On October 8, 2014 Defendant filed his "Notice for Motion to Dismiss for Lack of Jurisdiction & Venue." [Dkt. 8.] In the motion, he "gives notice of Motion to Dismiss for Lack of Jurisdiction and Venue and right to proceed *pro se* – with assistance of counsel of first [choice]." (*Id.*) The government filed an opposition, claiming that the motion fails to comply with this District's Local Rules governing criminal cases and

2

therefore should be denied without prejudice.  (Gov't's Opp. at 1.)

The Court determines that oral argument is unnecessary as the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.[1]

Having been briefed and argued, this motion is ripe for disposition.

## II. Standard of Review

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may appeal a magistrate judge's judgment to a district judge within fourteen days of its entry. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).  Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of

---

[1] This appeal was originally set for oral argument on December 11, 2014.  [Dkt. 15.]  The hearing was continued to January 29, 2015 because Defendant was a fugitive.  [Dkt. 17.]  Defendant was arrested on February 13, 2015 and the hearing on this appeal was re-set for February 26, 2015.  The U.S. Attorney's Office notified the Court that Defendant was unwilling to leave his cell for other court appearances or communicate with anyone.  In light of this and the Court's belief that oral argument will not aid the decisional process, the Court decided to take the appeal on the papers.  As the Court sits as an appellate court in this matter, it adopts Federal Rule of Appellate Procedure 34(a)(2)(C).

3

appeals in assessing a district court conviction," rather than conducting a "trial *de novo*." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

On appeal to the district court, the record consists of "the original papers and exhibits in the case together with any transcript, tape, or other recording of the proceedings and a certified copy of the docket entries . . . ." Fed. R. Crim. P. 58(g)(2)(C). Where the issue presented on appeal is purely a question of law, the district judge reviews the decision *de novo*. *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997). Findings of fact are reviewed for clear error, and credibility determinations are not susceptible to judicial review but rather are the sole province of the factfinder. See *Bursey*, 416 F.3d at 306; *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (citation omitted).

### III. Analysis

#### A. Sufficiency of the Evidence as to Identity

A conviction must be affirmed if the evidence, viewed in the light most favorable to the government, is sufficient for any rational factfinder to find the elements of the offense beyond a reasonable doubt. *See United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, the Court does not review the credibility of the witnesses, and it assumes that the factfinder resolved all

4

contradictions in the testimony in favor of the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

There is no dispute that Defendant is the registered owner of the vehicle involved in the charged violations. Rather, Defendant's position at trial and on appeal is that he was not driving the car at the time of offenses at issue. At trial, U.S. Park Police Officer Greg Harper testified that he was doing speed enforcement on the George Washington Parkway on January 13, 2014. (Trial Tr. [Dkt. 2] at 101.)[2] At approximately 3:15am, he noticed a green Jeep Grand Cherokee traveling at a high rate of speed. (*Id.* at 109.) Officer Harper clocked the vehicle doing 75 miles per hour in a 40 mile-per-hour zone. (*Id.* at 110.) When the car drove by his location, he saw that the driver was a white male wearing a black coat and a white shirt. (*Id.* at 111.)

After clocking the speed, he pursued the vehicle, turning his lights on to indicate that the driver should pull over. Instead, the driver continued speeding, leading Officer Harper on a chase that ultimately ended with the car crashing. Officer Harper had two opportunities to see the face of the driver: (1) he pulled up parallel to the Cherokee and the driver looked right at him and (2) he shined his spotlight on the driver's side mirror to get the driver's reflection while

---

[2] Pagination is according to CM/ECF.

5

trailing the Cherokee closely.  (*Id.* at 115-117.)  During the chase, Officer Harper accessed Defendant's photograph as the registered owner of the vehicle.  (*Id.*)  The photograph matched the driver of the Cherokee.  (*Id.*)  Additionally, Officer Harper had no reason to believe the vehicle was stolen.  (*Id.*)

Because the driver started going down the wrong way of a highway exit ramp, Officer Harper's supervisor told him to abandon the chase.  (*Id.* at 142.)  As Officer Harper was driving parallel to the Cherokee, he noticed the car had crashed, and he drove to the scene of the accident.  (*Id.*)  He arrived at the scene about a minute after the crash and did not find the driver there.  (*Id.*)  Inside the car, he found an empty wine bottle, half a whiskey bottle, a beer can, a dog bed, and dog food.  (*Id.* at 123.)  Officer Harper also noticed a white male walking a dog down the road.  (*Id.*)

Officer Harper located an address for the driver within the vehicle.[3]  (*Id.*)  Officer Harper, along with Officer Jonathan Daniels, went to the address, found Defendant, and arrested him.  (*Id.* at 41.)

The Court finds this information sufficient to identify Defendant as the driver of the Cherokee.  The evidence was sufficient to identify Defendant as the driver of the

---

[3] Defendant's license had a P.O. Box listed as an address.  (Trial Tr. [Dkt. 2] at 123.)

Cherokee. Therefore, Defendant's appeal is denied as to this basis.

**B. Denial of Motion to Strike Testimony of Officer Daniels**

Denial of the motion to strike testimony is a question of law that is reviewed *de novo*. At trial, Defendant moved to strike the testimony of U.S. Park Police Officer Jonathan Daniels. Officer Daniels was stationed at the back of Defendant's house for fifteen to twenty minutes before Defendant was arrested. (Trial Tr. at 161.) Officers Daniels and Harper were waiting for backup before arresting Defendant. (*Id.* at 161-62.) Officer Daniels testified that he was at the back of the house to prevent anyone from fleeing and for officer safety. (*Id.* at 161-62.) While there, he observed Defendant moving about the basement and was able to corroborate Officer Harper's identification of Defendant as the driver of the Cherokee. (*Id.*)

Defendant argued that Officer Daniels was on the curtilage of the house in violation of the Fourth Amendment because he did not have a warrant and did not have consent. (Trial Tr. at 182.) The government argued that both officers were lawfully present under the Fourth Amendment because they had probable cause to believe that Defendant, who was the registered owner of the vehicle, had committed a number of offenses in Officer Harper's presence and posed a danger to the

public. (*Id.* at 184.) Additionally, Officer Daniels was lawfully present at the scene under 16 U.S.C. §1a-6(b)(3), which authorizes Park Police officers to investigate outside of their jurisdiction "in the absence of investigation thereof by any other Federal law enforcement agency" having jurisdiction over the offense. (*Id.* at 185.) Judge Jones denied the motion, finding the officers had authority to be on the premises to investigate the offenses that had just occurred. (*Id.* at 186.) This duty to investigate, Judge Jones found, "carries with it the authority if not the duty to protect each other while conducting the investigation." (*Id.*)

The Court agrees with Judge Jones that the statutory duty to investigate carries with it the duty to protect other officers while conducting the investigation. Here, it was not unreasonable for Officer Daniels to wait outside while backup was en route to Defendant's house. Therefore, Defendant's appeal based on the denial of the motion to strike is denied.

Even if it was error to deny the motion to strike, the error was harmless. An error is not harmless only if it had a "substantial and injurious effect or influence" on the outcome. *United States v. Ferguson*, 752 F.3d 613, 618 (4th Cir. 2014) (quoting *Kotteakos v. United States*, 328 U.S. 750 (1946)). Here, there was no such effect. Without Officer Daniels' testimony, there was sufficient evidence to identify Defendant

8

as the driver of the vehicle. Therefore, admission of Officer Daniels' testimony, even if in error, was harmless.

Because the Court finds that the officers would have knocked on the door of the home regardless of whether Officer Daniels was located in the backyard and spotted Defendant through the window, the Court need not reach the Fourth Amendment argument because any error on that ground would also be harmless.

### C. Denial of Motion to Dismiss the Fleeing to Elude Police Charge

Denial of the motion to dismiss the fleeing to elude police is a question of law that is reviewed *de novo*. At trial, Defendant moved at the close of the government's evidence to dismiss the charge on grounds that it was inadequately pled. (Trial Tr. at 188.)[4] The state law adopted by 36 C.F.R. § 4.2, Va. Code § 46.2-817, contains two different subsections. Subsection (a) is a misdemeanor and subsection (b) is a felony. (*Id.* at 191.) Defendant argued that the C.F.R. adopts the offense, but not the penalty, so issuing a violation notice that merely states a violation of 36 C.F.R. § 4.2 does not give sufficient notice as to the charge against Defendant. (*Id.* at 106.) The government responded that it was clear the government was proceeding under the misdemeanor offense because the maximum

---

[4] It appears that there was no information filed against Defendant in this case. The violation notice, therefore, was the only charging document available to Defendant. (*See* Trial Tr. at 106.)

penalty under 36 C.F.R. § 4.2 is six months, which is not a felony.  (*Id.* at 103-104.)  Judge Jones denied the motion, finding first that the government should have filed a motion at least fourteen days before trial indicating under which subsection it was prosecuting Defendant.  (*Id.* at 107.)  Judge Jones then held that Defendant would only be prejudiced if the government proceeded under the felony subsection, which was not the case.  (*Id.*)

On its review of the record, the Court agrees that the violation was not insufficiently pled.  Defendant was prosecuted under the misdemeanor statute, and any error resulting from the denial of the motion is harmless.

### D. Jurisdiction

The final issue the Court must address is Defendant's Motion to Dismiss for Lack of Jurisdiction and Venue.  The motion is not clear as to what grounds it is asserting in support.  However, the best the Court can surmise is that Defendant argues Park Police lacked jurisdiction to arrest Defendant, and hence, this Court has no jurisdiction to try and convict Defendant.

Park Police had jurisdiction in this case to arrest Defendant.  *See* 16 U.S.C. § 1a-6(b) (authorizing a Park Police officer to make warrantless arrests for any offense against the United States committed in his presence as well as authorizing

Park Police to conduct investigations of offenses against the United States committed in the National Park System in the absence of investigation thereof by any other federal law enforcement agency having investigative jurisdiction); *United States v. Fox*, 147 F. Supp. 2d 1008, 1010 (N.D. Cal. 2001) (holding Park Police officer was authorized under § 1a-6(b)(1) to arrest the defendant for drunk driving committed in her presence by a person fleeing from the national park to avoid arrest).  Officer Harper observed Defendant committing several violations on National Park Service land.  Defendant ignored Officer Harper's sirens and calls to pull over, fleeing from police in a direction off of federal land.  Therefore, Officer Harper had jurisdiction to arrest Defendant, and this Court subsequently has jurisdiction to hear the case.  *See Fox*, 147 F. Supp. 2d at 1010 ("I think the statute is satisfied in a case such as this, if the Park Police attempt to stop a defendant in the Presidio and the defendant continues to travel through the Presidio so she cannot be arrested within its borders, especially where the defendant later contends that the Park managed to leave the Presidio before she stopped.").

       Additionally, apart from geography, Defendant offers no explanation of how he has been prejudiced by having been arrested by the Park Police as opposed to state or local law enforcement.  Nor can the Court divine one.  *See id.* at 1011.

11

Therefore, Defendant's appeal on grounds of lack of jurisdiction is denied.

### IV. Conclusion

For the foregoing reasons, the Court will affirm Defendant's conviction and dismiss this appeal.  Defendant has the right to appeal this judgment.  He must notice his appeal within fourteen days of this Memorandum Opinion and accompanying Order.  Fed. R. Crim. P. 58(g)(1); *see also* Fed. R. App. P. 4(b)(1)(A).

An appropriate order will follow.

|  |  |
|---|---|
| February 26, 2015<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |